Order of disposition, Family Court, Bronx County (Jeanette Ruiz, J), entered on or about April 12, 2012, which adjudicated appellant a juvenile delinquent upon his admission that he committed the act of unlawful possession of a weapon by a person under 16, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.
A police officer testified that she was investigating an unruly crowd when she observed appellant walking towards her with his arm under his shirt, clutching an object held at his waist. Based on the rigidity of his body and how tightly he held the object, she believed it to be a weapon. As he passed by, she heard him say that he was “going to get him.” When she approached with her shield visible around her neck, appellant moved towards her, whereupon she grabbed his hand and felt the handle of a knife. During a brief struggle, the knife fell to the ground. Appellant was placed under arrest and the knife, which had a six-inch blade, was recovered.
A witness for appellant told the court that he had observed appellant fighting with another individual. Someone intervened to break up the altercation and escorted appellant to his apartment building, where he remained for about 10 minutes. When appellant emerged, he looked angry and flustered. The witness did not hear the officer identify herself prior to struggling with appellant.
*403 Family Court credited the officer’s testimony, which was corroborated by the account given by appellant’s own witness, and the court’s ability to observe the witnesses affords much weight to its findings (People v Prochilo, 41 NY2d 759, 761 [1977]). Given appellant’s rigid posture, the location of the bulge, his remarks and the attendant circumstances, the officer had reasonable suspicion to detain and frisk him, and appellant’s suppression motion was properly denied (see People v Benjamin, 51 NY2d 267, 271 [1980]; Matter of George G., 73 AD3d 624 [1st Dept 2010]).
Imposition of a juvenile delinquency adjudication with a 12-month term of probation was a provident exercise of Family Court’s discretion. In subjecting appellant to supervision, the court appropriately weighed the need for protection of the community and the juvenile’s best interests (Family Ct Act § 352.2 [2] [a]). While his completion of a counseling program is commendable and he has no prior encounters with the juvenile justice system, it remains that appellant was involved in a fight, obtained a knife and returned to the scene. Finally, the disposition is supported by a Mental Health Services report noting a history of aggressive and disruptive behavior. Concur — Tom, J.P., Andrias, Renwick and DeGrasse, JJ.